# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.: _____

| | |
|---|---|
| Shelly Boldon,<br><br>     Plaintiff,<br>v.<br><br>Riverwalk Holdings, LTD, and Gurstel Chargo, P.A.,<br><br>     Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") including harassing, abusive, and unfair collection practices, and Minnesota state common law.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692 *et seq*. and 28 U.S.C §§ 1331 and 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendants transact business in this District.

## PARTIES

4. Plaintiff, Shelly Boldon (hereinafter "Plaintiff Boldon" or "Boldon"), is a natural person who resides in the City of Cannon Falls, County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Riverwalk Holdings, LTD (hereinafter "Defendant Riverwalk" or "Riverwalk Holdings"), is a foreign limited company in the business of adjustment and collection services, has a principal place of business located at 1132 Glade Road, Colleyville, Texas 76034, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant, Gurstel Chargo, P.A. (hereinafter "Defendant Gurstel" or "Gurstel"), is a domestic professional association and law firm practicing in the area of debt collection services, has a principal place of business located at 6681 Country Club Drive, Golden Valley, Minnesota 55427, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. This matter involves an alleged credit card debt owed to US Bank National Association (hereinafter "US Bank") and attempted debt collection regarding the alleged debt by Defendants.

8. This alleged debt was incurred primarily for personal, family, or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

9. At some time prior to the commencement of this action, US Bank allegedly sold or assigned the alleged debt to Defendant Riverwalk who in turn engaged Defendant Gurstel to collect the alleged debt.

10. On December 31, 2012, Boldon was personally served with a summons and complaint, in connection with the aforementioned alleged credit card debt, at her residence located at 29798 Heather Lane, Cannon Falls, Minnesota 55099.

11. On January 22, 2013, Boldon answered the complaint, asserting that venue was not proper, that she did not receive verification of the debt as being owed to the stated Plaintiff (Riverwalk Holding, LTD), and that she did not owe the amounts stated.

12. In her answer, Boldon stated that she is not, nor has ever been, a resident of Goodhue County.

13. Despite Boldon's attempts to inform Defendants that the venue was improper, the matter was subsequently filed with Goodhue County District Court on June 17, 2014.

14. Discovery was then served on Boldon on August 14, 2014.

15. On January 16, 2015, Boldon brought a motion to dismiss the matter claiming improper venue; that the matter was not filed within one year of commencement in violation of Minnesota Rule of Civil Procedure Rule 5.04 (as amended); and that the Plaintiff stated (Riverwalk Holdings) is an improper plaintiff.

16. Boldon argued that because she had never been a resident of Goodhue County, venue was not proper there, and that it was represented to her that Velocity

Investments, LLC owned the account that originated with the original creditor US Bank National Association.

17. On January 26, 2015, this matter came before the Honorable Thomas W. Bibus, Judge of District Court, for trial.

18. Riverwalk Holdings was represented by an attorney with Gurstel Chargo, P.A. and Boldon appeared *pro se*.

19. At the hearing, the Court heard arguments from both sides and gave both sides leave to file any additional submissions they chose with the Court.

20. On January 30, 2015, Defendants filed with the court a memorandum of law in opposition to Boldon's motion to dismiss in which they further falsely maintained, among other things, that Boldon was a resident of Goodhue County.

21. Then, on February 23, 2015, Judge Bibus issued a Dismissal Order whereby the matter was dismissed with prejudice due to procedural concerns regarding improper venue and the naming of an improper plaintiff.

22. Defendant Riverwalk and Gurstel's decision to proceed with legal action against Plaintiff Boldon in Goodhue County despite being informed by her, and thereafter Judge Bibus, that Goodhue County was not the proper venue to bring suit, was in violation of 15 U.S.C. § 1692i.

23. Defendant Riverwalk and Gurstel's decision to put Plaintiff Boldon through approximately eight (8) months of litigation in relation to an alleged debt collection that was filed in the wrong venue and named an improper plaintiff, was conduct the

natural consequence of which was to harass, oppress, or abuse Plaintiff Boldon in connection with the collection of an alleged debt, in violation of 15 U.S.C. § 1692d.

24. Defendant Riverwalk and Gurstel's decision to put Plaintiff Boldon through approximately eight (8) months of litigation in relation to an alleged debt collection that was filed in the wrong venue and named an improper plaintiff, was an unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

25. Defendant Riverwalk and Gurstel's decision to put Plaintiff Boldon through approximately eight (8) months of litigation in relation to an alleged debt collection that was filed in the wrong venue and named an improper plaintiff, was done in an attempt to pressure Plaintiff Boldon into paying or settling the alleged debt amount, which was beyond the scope of the proceedings and therefore an abuse of process.

26. Defendants Riverwalk and Gurstel initiated and maintained a legal claim against Plaintiff Boldon, demanding payment of an alleged debt obligation, without probable cause or reasonable belief that it could ultimately prevail on the merits, did so with malicious intent, and Plaintiff Boldon ultimately prevailed on the legal claim brought against her, thereby substantiating a claim for malicious prosecution.

27. Defendants Riverwalk and Gurstel mislead the Goodhue County District Court as to a material circumstance, the jurisdiction in which Plaintiff Boldon resided, when they continued to move forward with litigation against Plaintiff Boldon after they were informed by her that she did not reside in Goodhue County, thereby committing a fraud on the court.

28. That as a result of Defendants' conduct, Plaintiff Boldon suffered damages in the form of out of pocket loss, wasted time, depression, hopelessness, anxiety, loss of sleep, fear, and mental anguish.

## TRIAL BY JURY

29. Plaintiff Boldon is entitled to and hereby demands a trial by jury. U.S. Const. Amend. VII.; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692, *et seq*.

30. Plaintiff Boldon hereby incorporates by reference all preceding paragraphs of this Complaint as though fully stated herein.

31. The foregoing intentional and negligent acts and omissions of Defendants Riverwalk and Gurstel constitute violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, 1692f, and 1692i.

32. As a result of Defendants' violations of the FDCPA, Plaintiff Boldon is entitled to actual and statutory damages and costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

### COUNT II.

### ABUSE OF PROCESS

33. Plaintiff Boldon hereby incorporates by reference all preceding paragraphs of this Complaint as though fully stated herein.

34. The essential elements for a cause of action for abuse of process are the existence of an ulterior purpose and the act of using the process to accomplish a result not within the scope of the proceedings in which it was issued, whether such a result might otherwise be lawfully obtained or not. *See Kellar v. VonHoltum*, 568 N.W.2d 186, 192 (Minn. Ct. App. 1997).

35. Defendants Riverwalk and Gurstel brought a claim against Plaintiff Boldon demanding payment of an alleged debt obligation which was for the ulterior purpose of pressuring Plaintiff Boldon into paying or settling the alleged debt amount.

36. Defendants Riverwalk and Gurstel made an illegal, improper, perverted use of process, a use neither warranted nor authorized by statute.

37. Defendants Riverwalk and Gurstel had an ulterior motive or purpose.

38. Plaintiff Boldon suffered damages as a direct result of the irregularities.

## COUNT III.

## MALICIOUS PROSECUTION

39. Plaintiff Boldon hereby incorporates by reference all preceding paragraphs of this Complaint as though fully stated herein.

40. A claim for malicious prosecution lies if (1) an action is brought without probable cause or reasonable belief that the plaintiff will ultimately prevail on the merits, (2) the action is instituted and prosecuted with malicious intent, and (3) the action is terminated in the defendant's favor. *Dunham v. Roer*, 708 N.W.2d 552, 569 (Minn. Ct. App. 2006) (citing *Kellar v. VonHoltum*, 568 N.W.2d 186, 192 (Minn. Ct. App. 1997)); *Stead-Bowers v. Langley*, 636 N.W.2d 334, 338 (Minn. Ct. App. 2001).

41. Defendants Riverwalk and Gurstel initiated and maintained a legal claim against Plaintiff Boldon, demanding payment of an alleged debt obligation, without probable cause or reasonable belief that it could ultimately prevail on the merits.

42. This claim was brought with malicious intent.

43. Attorneys for Defendant Riverwalk, Defendant Gurstel, were an instrumentality for the perpetration of fraud, and have no immunity. *See Hoppe v. Klapperich*, 28 N.W.2d 780, 788 (Minn. 1947).

44. The action brought on behalf of Defendants Riverwalk and Gurstel was terminated in Plaintiff Boldon's favor.

45. Defendants' action against Plaintiff Boldon constitutes malicious prosecution.

## COUNT IV.

## FRAUD ON THE COURT

46. Plaintiff Boldon hereby incorporates by reference all preceding paragraphs of this Complaint as though fully stated herein.

47. A claim for fraud on the court exists "[w]here a court is misled as to material circumstances, or its process is abused, resulting in the rendition of a judgment which would not have been given if the whole conduct of the case had been fair." *In re Welfare of C.R.B.*, 384 N.W.2d 576, 579 (Minn. Ct. App. 1986) (quoting *Halloran v. Blue & White Liberty Cab Co.*, 92 N.W.2d 794, 798 (1958)).

48. Defendants Riverwalk and Gurstel mislead the Goodhue County District Court as to a material circumstance, the jurisdiction in which Plaintiff Boldon resided, when they continued to move forward with litigation against Plaintiff Boldon after they were

informed by her that she did not reside in Goodhue County.

49. Defendants Riverwalk and Gurstel made deceitful misrepresentations to the Goodhue County District Court regarding Plaintiff Boldon's county of residence and the named plaintiff in the matter, all in an attempt to collect on an alleged debt obligation, the culmination of which resulted in a fraud on the court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

- awarding actual damages for violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1);
- awarding statutory damages of $1,000.00 for violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- awarding costs and reasonable attorneys' fees for violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3);
- awarding actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;
- awarding actual and compensatory damages for Abuse of Process in a reasonable amount;
- awarding actual and compensatory damages for Malicious Prosecution in a reasonable amount;
- awarding actual and treble damages for Fraud on the Court in a reasonable amount pursuant to Minnesota Statutes §§ 481.07 and 481.071; and
- for such other and further relief as it may deem just and appropriate.

Dated this 23rd day of April, 2015.	Respectfully submitted,


By: s/Thomas J. Lyons Jr.

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile:  (651) 704-0907
Email: tommycjc@aol.com

***ATTORNEY FOR PLAINTIFF***

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF Washington        )

I, Shelly Boldon, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                        s/Shelly Boldon
                                        Shelly Boldon

Subscribed and sworn to before me
This 23rd day of April, 2015.


s/Patricia Ann Gruenewald
Notary Public

11