UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shelly Boldon,<br><br>          Plaintiff,<br><br>v.<br><br>Riverwalk Holdings, Ltd., and Gurstel Chargo, P.A.,<br><br>          Defendants. | Civil File No. 15-cv-02105 JRT/JSM<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT RIVERWALK HOLDINGS, LTD.'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AND LEAVE TO FILE ANSWER** |

Defendant Riverwalk Holdings, Ltd. ("Riverwalk") submits this Memorandum of Law in support of its Motion to Set Aside the Clerk's Entry of Default. In the interest of justice and for good cause shown, Riverwalk respectfully requests that the Court vacate the Clerk's Rule 55(a) entry of default against it and allow Riverwalk the opportunity to defend on the merits.

## INTRODUCTION

Upon application of Plaintiff (Doc. No. 9), the Clerk of Court entered default against Riverwalk on July 9, 2015, based on Riverwalk's failure to plead or otherwise defend in this action.[1] (Clerk's Entry of Default, Doc. No. 13). Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." Where a party's failure to timely respond to a claim against it is marginal, and both a meritorious defense and an absence of prejudice exists, the District of Minnesota

---

[1] The clerk entered default under Rule 55(a) of the Federal Rules of Civil Procedure and not default judgment under Rule 55(b)(1) as Plaintiff's claims are not for a sum certain as required for entry of default judgment under Rule 55(b)(1).

and the Eighth Circuit have granted relief under Rule 55(c), setting aside an entry of default, thereby allowing the party to defend on the merits. This Court should do so here.

Riverwalk's failure to timely plead is excusable because it was based on inadvertence or mistake, and, accordingly, good cause exists to vacate the Clerk's entry of default. Specifically, upon receipt of the Summons and Complaint, Riverwalk's General Manager forwarded the matter to its third-party attorney network/litigation vendor for handling, including retaining counsel to defend Riverwalk in this matter. It was not until after Plaintiff applied for application of default that Riverwalk became aware that its attorney network/litigation vendor had failed to timely retain counsel to appear on Riverwalk's behalf. Because Riverwalk's failure to plead in response to Plaintiff's Complaint was inadvertent, and based on a genuine mistake rather than intentional conduct, and because Plaintiff has suffered no prejudice, this Court properly vacates the Clerk's entry of default and allows Riverwalk to defend on the merits.

## BACKGROUND

This case arises out of an alleged Fair Debt Collection Practices Act ("FDCPA") violation, wherein Plaintiff claims that Riverwalk and Gurstel Chargo, P.A. violated the FDCPA by improperly commencing and maintaining litigation against Plaintiff for failure to pay an alleged debt. (*See generally* Complaint, Doc No. 1).

Riverwalk received a copy of Plaintiff's Summons and Complaint on or about May 5, 2015. (Declaration of Mike Shelton ("Shelton Decl.") ¶ 2). On or about May 19, 2015, Riverwalk's General Manager, Mike Shelton, spoke with Plaintiff's counsel and by email requested a 30-day extension of time to answer or otherwise respond to the Complaint in

order to allow Riverwalk the opportunity to confer with counsel. (Shelton Decl. ¶ 3). Plaintiff's counsel only granted a 10-day extension. (*Id.* ¶ 4).

In keeping with Riverwalk's general practice, its General Manager forwarded the matter to its attorney network/litigation vendor for handling, including retention of counsel to appear on Riverwalk's behalf. (*Id.* ¶ 5). As he had not heard otherwise, the General Manager assumed the matter was being handled. (*Id.* ¶ 6).

On June 2, 2015, Plaintiff made an application to the Clerk of Court for entry of default against Riverwalk for failing to plead. (Doc. No. 9). It was not until co-defendant Gurstel Chargo, P.A. informed Riverwalk's General Manager that Plaintiff had filed an application for default against Riverwalk, that Riverwalk became aware counsel had not been retained to represent it and that an answer had not been served and filed on its behalf. (Shelton Decl. ¶¶ 7 & 8). Riverwalk's General Manager immediately contacted its attorney network/litigation vendor to resolve the issue and to ensure that Riverwalk's interests were being protected. (*Id.* ¶ 9). Consequently, an answer from Riverwalk was not timely filed as the undersigned were just recently retained to represent Riverwalk in this matter. (*Id.* ¶ 10).

## **ANALYSIS**

Based on good cause shown, this Court may properly vacate the Clerk's entry of default against Riverwalk. A court may set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c). This good cause standard is generally viewed as more lenient than the standard for relief from a default judgment under Rule 60. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("[M]ost decisions . . . hold that

relief from a default judgment requires a stronger showing of excuse than relief from a mere default order.") (citing *Conn. Nat'l Mortg. Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir. 1990)); *see also In re Jones Truck Lines, Inc.*, 63 F. 3d 685, 687 (8th Cir 1995) (setting aside entry of default where defense counsel's delay was not egregious). Whether to set aside an entry of default is within the Court's sound discretion. *Hall v. T.J. Cinnamon's, Inc.*, 121 F.3d 434, 436 (8th Cir. 1997). There is judicial preference for adjudication on the merits, however, and in a close case, a court should vacate the entry of default. *See Johnson*, 140 F.3d at 784.

To determine whether there is good cause to set aside an entry of default, courts look at: "(1) whether the conduct of the defaulting party was blameworthy or culpable; (2) whether the defaulting party has a meritorious defense; and (3) whether the other party would be prejudiced if the default were excused." *Id.*; *see also In re Jones Truck Lines, Inc.*, 63 F.3d at 687. In this case, Riverwalk's unintentional omission of a timely answer is excusable, Riverwalk has a meritorious defense, and Plaintiff will not be prejudiced if the default is excused.

### A. Riverwalk's omission of a timely answer was not intentional and is therefore excusable.

Whether the conduct of the moving party is excusable is an equitable determination that considers all germane circumstances surrounding the party's omission to plead. *Johnson*, 140 F.3d at 784 (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Conduct that has been held excusable includes "late filings caused by inadvertence, mistake or carelessness." *Pioneer*, 507 U.S. at 388. The

Eighth Circuit has "consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines." *Johnson*, 140 F.3d at 784; *see also Richardson v. Intown Suites Burnsville, L.P.*, No. 05-2307(RHK/AJB), 2006 WL 752940, at *2 (D. Minn. Mar. 22, 2006) ("[D]efault judgment is not to be entered by a district court 'for a marginal failure to comply with the time requirements.'" (citing *Jones Truck Lines, Inc. v. Fosters Truck & Equip. Sales, Inc.*, 63 F.3d 685, 688 (8th Cir. 1995))).

Here, Riverwalk's failure to timely plead was inadvertent and based on the mistaken belief that Riverwalk's attorney network/litigation vendor had retained counsel to timely plead on Riverwalk's behalf. (*Generally*, Shelton Decl.). This fact alone weighs strongly in favor of vacatur.

### B. Riverwalk has a meritorious defense.

The Eighth Circuit has routinely held that a defendant should have the opportunity to defend an action on the merits. *See, e.g.*, *Union Pac. R.R. Co. v. Progress Rail Servs., Corp.*, 256 F.3d 781 (8th Cir. 2001) (reversing district court's denial of Rule 60(b) motion where the defendant responded to default judgment "less than 6 months" after the plaintiff's complaint had been filed, and had not filed an answer due to a "recording error by its legal department"); *Johnson*, 140 F.3d 781 (setting aside entry of default under Rule 55(c) where the defendant had responded to suit five months after it was initiated, and had not responded earlier due to "poor communication"); *Hoover v. Valley W. D M*, 823 F.2d 227, 230 (8th Cir. 1987) (affirming district court's decision to set aside default

judgment where defendant's attorney "did not learn of the litigation until the default judgment had been entered" due to "a lack of communication").

The existence of a meritorious defense can be satisfied by the party's averments that plausibly suggest the existence of facts, which, if proved at trial, would constitute a cognizable defense. *Richardson*, 2006 WL 752940, at *3. The proffered evidence of a meritorious defense need not be undisputed. *Id.*

Attached hereto as Appendix A is Riverwalk's proposed Answer should it be granted leave to plead. In addition to its factual averments, Riverwalk's meritorious defenses include the assertion that Plaintiff's claims are barred by the applicable statutes of limitations.[2] This factor also weighs in favor vacatur.

### C.   The Plaintiff will not be prejudiced if the default is set aside.

Finally, the lack of prejudice to Plaintiff weighs in favor of vacating the Clerk's entry of default against Riverwalk. "As numerous decisions make clear, prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Johnson*, 140 F.3d at 785 (citing *Swink v. City of Pagedale*, 810 F.2d 791, 792 n.2 (8th Cir. 1987), *cert. denied*, 483 U.S. 1025 (1987)). "Setting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Id.* (citing *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)).

---

[2] Plaintiff's FDCPA claim is barred by the FDCPA's one-year statute of limitations period, as Plaintiff failed to commence the instant action within one year of the alleged FDCPA violation.

None such circumstance is present here; there is no prejudice to Plaintiff. This matter is still in its early stages of litigation, with the Court just recently issuing its Pretrial Scheduling Order on August 4, 2015. (Doc. No. 17). The deadline to amend the pleadings is not for another two months, discovery is not set to close until March 2016, and trial is nearly a year away. Plaintiff will suffer no prejudice as a result of this Court allowing Riverwalk to defend on the merits. *Swink*, 810 F. 2d at 792–93 n.2 (holding that neither delay alone nor the fact that the defendant will have an opportunity to defend on the merits is the kind of prejudice that justifies denial of a motion to vacate an entry of default).

Accordingly, this Court properly sets aside the Clerk's Entry of Default against Riverwalk as Riverwalk's failure to timely plead was unintentional and excusable, Riverwalk has a meritorious defense, and Plaintiff will not be prejudiced if the default is set aside.

## CONCLUSION

Riverwalk respectfully requests the Court set aside the Clerk's Entry of Default and grant Riverwalk leave to serve the Answer attached as Appendix A, *nunc pro tunc* May 29, 2015.

121656348v1 4757

                                              Respectfully submitted,

Dated: August 10, 2015               **HINSHAW & CULBERTSON LLP**

                                              s/ *M. Annie Santos*
                                              M. Annie Santos, Reg. No. 0389206
                                              333 South Seventh Street, Suite 2000
                                              Minneapolis, MN 55402
                                              Telephone: 612-333-3434
                                              Facsimile: 612-334-8888
                                              asantos@hinshawlaw.com

                                              *Attorneys for Defendant Riverwalk Holdings, Ltd.*