**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| SHELLY BOLDON, | Civil No. 15-2105 (JRT/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| RIVERWALK HOLDINGS, LTD, and GURSTEL CHARGO, P.A., | |
| Defendants. | |

Hans W. Lodge and Thomas J. Lyons, Jr., **CONSUMER JUSTICE CENTER, PA**, 367 Commerce Court, Vadnais Heights, MN 55127, for plaintiff.

Margaret Ann Santos, **HINSHAW & CULBERTSON LLP**, 333 South Seventh Street, Suite 2000, Minneapolis, MN 55402, for defendant Riverwalk Holdings, LTD.

Amy M. Goltz, **GURSTEL CHARGO, P.A.**, 6681 Country Club Drive, Golden Valley, MN 55427, for defendant Gurstel Chargo, P.A.

Plaintiff Shelly Boldon commenced this action against Defendants Riverwalk Holdings, LTD ("Riverwalk") and Gurstel Chargo, P.A. ("Gurstel Chargo"), alleging that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") and Minnesota common law by bringing a collection action against her in an improper venue. Riverwalk did not file a timely answer; accordingly, Boldon applied for entry of default and the Clerk of Court entered default against Riverwalk. Riverwalk now moves to set aside entry of default. Riverwalk and Gurstel Chargo also move for summary judgment and

judgment on the pleadings, respectively.  Because Gurstel Chargo's statute of limitations defense is only partially viable, the Court will grant in part and deny in part its motion for judgment on the pleadings.  Additionally, because Riverwalk's statute of limitations defense is also only partially viable, the Court will grant in part and deny in part its motion to set aside entry of default and its motion for summary judgment.

## BACKGROUND

Boldon obtained a credit card through US Bank National Association ("US Bank") and allegedly incurred an unspecified amount debt.  (Compl. ¶¶ 7-8 Apr. 24, 2015, Docket No. 1.)  US Bank subsequently sold or assigned this debt to Riverwalk, a business that specializes in debt collection.  (*Id.* ¶ 9.)  Riverwalk engaged Gurstel Chargo, a law firm, to assist with collection.  (*Id.* ¶¶ 6, 9.)

On December 31, 2012, Defendants commenced a state court debt collection action against Boldon by personally serving her with a summons and complaint at her residence, which is in Dakota County.  (*Id.* ¶¶ 9-10.)  The complaint listed the venue as Goodhue County.  (*Id.* ¶¶ 11-12.)  Boldon answered the complaint on January 22, 2013, asserting, among other things, that venue was improper because she has never resided in Goodhue County.  (*Id.*)

Approximately seventeen months later, on June 17, 2014, Defendants filed the action in Goodhue County district court.  (*Id.* ¶ 13.)  Boldon moved to dismiss the complaint based, in part, on improper venue.  (*Id.* ¶¶ 15-16.)  On February 23, 2015, the state court granted Boldon's motion and dismissed the matter with prejudice.  (*Id.* ¶ 21.)

Boldon then commenced this federal action against Defendants on April 24, 2015. Bolden alleges that Defendants violated three sections of the FDCPA, § 1692i, § 1692d, and § 1692f, by bringing the state court action in the wrong venue. (*Id.* ¶¶ 30-32.) Bolden also brings related Minnesota common law claims for abuse of process, malicious prosecution, and fraud on the court. (*Id.* ¶¶ 33-49.)

Gurstel Chargo filed a timely answer, but Riverwalk did not. Riverwalk contends that it received a copy of the Boldon's complaint on or about May 5, 2015. (Decl. of Mike Shelton ("Shelton Decl.") ¶ 2, Aug. 10, 2015, Docket No. 23.) Then, on or about May 19, 2015, Riverwalk's former general manager, Mike Shelton, contacted Boldon's counsel to request an extension to respond; the parties agreed to a 10-day extension. (*Id.* ¶¶ 3-4.) However, when Riverwalk did not subsequently file an answer or otherwise respond to the complaint, Boldon applied for entry of default on June 2, 2015. (Appl. for Entry of Default Against Riverwalk, June 2, 2015, Docket No. 9.) On July 9, 2015, the Clerk of Court entered default against Riverwalk. (Clerk's Entry of Default, July 9, 2015, Docket No. 13.) Approximately one month later, on August 12, 2015, Riverwalk brought a motion to set aside entry of default; the company also seeks leave to file an answer. (Riverwalk's Mot. to Set Aside Entry of Def., Aug. 12, 2015, Docket No. 26.)

On November 16, 2015, Gurstel Chargo filed a motion for judgment on the pleadings. (Gurstel Chargo's Mot. for J. on the Pleadings, Nov. 16, 2015, Docket No. 44.) On the same day, with permission from the Court, Riverwalk filed a motion for summary judgment. (Riverwalk's Mot. for Summ. J., Nov. 16, 2015, Docket No. 43.) Defendants argue that Boldon's FDCPA claims are barred by the applicable one-year

statute of limitations and that the Court lacks subject matter jurisdiction over Boldon's

state law claims.  Gurstel Chargo also argues that Boldon has failed to state a plausible

claim for relief for two of her FDCPA claims, § 1692d and § 1692f. The    Court    will

resolve all three motions in this Order.

## ANALYSIS

### I.    DEFENDANTS' DISPOSITIVE MOTIONS

#### A.    Standard of Review

A motion for judgment on the pleadings under Federal Rules of Civil Procedure

12(c) has the same standard of review as a motion to dismiss under Rule 12(b)(6).

*Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009).  The Court is required to

"'accept as true all factual allegations set out in the complaint' and to 'construe the

complaint in the light most favorable to the [plaintiff], drawing all inferences in [the

plaintiff's] favor.'" *Ashley Cty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (quoting

*Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006)).  Although the complaint need

not contain "detailed factual allegations," it must contain sufficient factual allegations "to

raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007).[1]

---

[1] Riverwalk labels its motion as a motion for summary judgment.  However, because Riverwalk "relies only on [Boldon's] Complaint in support of its motion," the Court will construe the motion "as a motion for judgment on the pleadings, rather than a motion for summary judgment."  *Lorenz v. JPMorgan Chase*, No. 13-986, 2014 WL 7408394, at *2 (D. Minn. Dec. 30, 2014) (citing Fed. R. Civ. P. 12(d); 5C *Federal Practice & Procedure* § 1369 (3d ed. 2004)).

**B.     FDCPA Statute of Limitations**

Section 1692k(d) of the FDCPA provides that "[a]n action to enforce any liability

created by this subchapter may be brought . . . within one year from the date on which the

violation occurs."  15 U.S.C. § 1692k(d).  This one-year limitations period is triggered

when the debt collector had "its last opportunity to comply with the FDCPA."  *Mattson v.

U.S. W. Commc'ns, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992).  Defendants argue that

Boldon's FDCPA claim is time barred because the limitations period began to run on

December 31, 2012, when they personally served her with a state court summons and

complaint listing the allegedly improper venue.  Boldon, on the other hand, argues that

her claim is not time barred because the limitations period did not begin to run until June

17, 2014, when Defendants actually filed their complaint in the allegedly improper

venue, Goodhue County.

Defendants base their argument on several points of law.  First, Defendants argue

that a claim in Minnesota is commenced upon the service of the complaint, and not upon

the filing of the complaint.  Minn. R. Civ. P. 3.01 ("A civil action is commenced against

each defendant: . . . when the summons is served upon that defendant . . . .").  Based on

this rule, Defendants argue that if they did violate the FDCPA by bringing an action

against Boldon in an improper venue, that violation occurred when they served the

complaint on Boldon, and not when it was filed.  Thus, according to Defendants,

December 31, 2012, was their last opportunity to comply with the FDCPA.  Defendants

next cite *Fraenkel v. Messerli & Kramer, P.A.*, a case decided by this Court, for the

proposition that "[n]ew communications . . . concerning an old claim . . . [do] not start a new period of limitations."  No. 04-1072, 2004 WL 1765309, at \*4 (D. Minn. July 29, 2004) (alterations in original) (quoting *Campos v. Brooksbank*, 120 F. Supp. 2d 1271, 1274 (D.N.M. 2000)).  Applying *Fraenkel*, Defendants assert that their filing of the complaint on June 17, 2014, was merely a new communication concerning the older improper venue claim and, therefore, it did not restart the limitations period.  Hence, because Boldon did not commence this action within one year of December 31, 2012, Defendants argue that her FDCPA claims are time barred.

Although the Court agrees that a Minnesota action is commenced upon personal service; that Defendants may have violated the FDCPA on December 31, 2012, when they personally served Boldon with a complaint listing an allegedly improper venue; and that the statute of limitations for that claim was triggered on that date, the Court declines to apply the "new communication" rule in this case.  Not only is *Fraenkel* distinguishable, but application of the rule on these facts could give debt collectors free reign to violate the FDCPA with immunity, an unjust result.

In *Fraenkel*, the plaintiff alleged that the defendant violated the FDCPA by making an improper demand for attorney's fees.  *Id.* at \*3.  The defendant moved to dismiss the action, arguing that the claim was time barred by the FDCPA's one-year statute of limitations.  *Id.*  The defendant argued that the alleged violation accrued on either December 3 or 13, 2002, when it sent the plaintiff demand letters requesting attorney's fees.  *Id.*  Because the plaintiff did not commence his lawsuit until February 27, 2004, the defendant argued that the limitations period had expired.  *Id.* at

*1, 3.  The plaintiff, conversely, argued that the violation actually accrued on March 13, 2003, when the defendant filed a complaint in state district court requesting attorney's fees.  *Id.* at *3.  This Court rejected the plaintiff's argument, finding that the demand letters violated the FDCPA, that the limitations period began to toll on or before December 13, 2002, and that the filing of the complaint in March 2003 did not restart the limitations period.  *Id.* at *3-4.  This Court concluded that the filing of the complaint, which "repeated the same information" as the demand letters, was merely a "[n]ew communication . . . concerning an old claim."  *Id.* at *4.  Accordingly, this Court dismissed the action as barred by the FDCPA's one year statute of limitations.  *Id.*

Here, *Fraenkel* is distinguishable for one key reason – the timing of the new communications.  In *Fraenkel*, the new communication occurred approximately three months after the initial alleged violation.  Thus, although that new communication did not restart the limitations period, the plaintiff still had ample opportunity – nine months – to commence an action and enforce his rights.  In the instant action, Defendants' new communication occurred approximately seventeen months after the initial alleged violation and five months after the limitations period had expired.  If the Court were to apply the new communication rule to this case and dismiss Boldon's claim entirely, the Court would be endorsing a framework whereby a debt collector could violate the FDCPA and then lull the debtor into thinking that it had reformed its violative conduct, only to recommence the same violative conduct after one year and a day, leaving the debtor without any recourse.  A debt collector could gain immunity from liability simply by laying in the weeds until the expiration of the limitations period.  This result does not

comport with the remedial purpose of the FDCPA, which is "to eliminate abusive debt collection practices" and "to protect consumers against debt collection abuses."   15 U.S.C. § 1692(e).

Accordingly, because Defendants' second alleged FDCPA violation – the filing of the complaint in Goodhue County – occurred more than one year after the initial alleged violation, the Court will treat this second alleged violation as an entirely new claim and not merely a new communication concerning an old claim.  The Court therefore finds that the FDCPA limitations period began to run on June 17, 2014, and that Boldon's action is not time barred.  June 17, 2014, was Defendants' last opportunity to comply with the FDCPA, and Boldon filed this action within one year of that date.[2]

Importantly, the Court **is not** finding that the June 17, 2014, filing of the complaint restarted the limitations period; instead, the Court finds that this alleged violation is a new claim that triggered a new limitations period.  Thus, Boldon's FDCPA claims as they relate to the December 31, 2012, service of the complaint **are** barred by the statute of limitations.  The Court will therefore grant Defendants' motions with respect to that alleged violation.[3]

---

[2] Because Boldon's FDCPA claims are not entirely time barred, the Court rejects Defendants' argument that the state law claims must be dismissed for lack of subject matter jurisdiction.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

[3] As will be explained later in this Order, the Court will grant in part Riverwalk's motion to set aside entry of default, but only with respect to Boldon's FDCPA claims as they relate to the December 31, 2012, service of the complaint.  The Court will deny Riverwalk's motion to set aside entry of default in all other respects.

### C.    Failure to State a Claim

Gurstel Chargo also argues that Boldon has failed to state plausible claims for relief under §§ 1692d and 1692f of the FDCPA.[4]   The Court, however, rejects this argument.

Section 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."   Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."   In her complaint, Boldon alleges that Defendants' filing of the complaint in an improper venue was harassing, oppressive, and abusive, and an unconscionable means of collecting a debt.

To support its failure to state a claim argument, Gurstel Chargo relies on an Eighth Circuit case, *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814 (8th Cir. 2012). However, *Hemmingsen* is distinguishable.   In *Hemmingsen*, the plaintiff alleged that the defendant violated § 1692d and § 1692f by making false statements and misrepresentations in a summary judgment motion memorandum and supporting affidavit in a prior state court action.   *Id.* at 815, 817.   Although the Eighth Circuit affirmed the district court's grant of summary judgment dismissing these claims, the court did not

---

[4] Gurstel Chargo raised this argument for the first time in its reply brief, which is normally improper.  However, because Boldon asserted in her response brief that her § 1692d and §1692f claims are viable, the Court will consider the argument.  *See* D. Minn. LR 7.1(c)(3)(B) (providing that a reply memorandum may "present matters" that "relate to the opposing party's response").

explicitly rule out the possibility that misrepresentations in court filings could lead to liability under the § 1692d and § 1692f. *See id.* at 820. Instead, the court simply held that the alleged misrepresentations

> had more than enough basis in fact to defeat as a matter of law [the plaintiff's] claims that [defendant] engaged in conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," or used "unfair or unconscionable means to collect or attempt to collect any debt."

*Id.* (citations omitted). The court also held that the fact that the defendant ultimately lost on summary judgment in the prior state court action was not evidence that the defendant violated § 1692d and § 1692f. *Id.*

This case is very different from *Hemmingsen* for three reasons. First, Boldon's claim is not merely that Defendants' conduct was abusive or unconscionable because they misrepresented the appropriate venue in court filings. Instead, the claim centers on the allegation that Defendants intentionally **maintained** the action in the wrong venue. Second, Boldon does not rely solely on the state court's dismissal of Defendants' collection action as proof that Defendants violated § 1692d and § 1692f. To the contrary, Bolden alleges facts indicating that Defendants knew that Goodhue County was an improper venue and yet still filed the matter in that county anyways, subjecting her to months of litigation in order to coerce her into paying the purported debt. (Compl. ¶¶ 10, 12-13, 23-28.) These allegations, assumed to be true, plausibly support Boldon's claims that Defendants engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," and used "unfair or unconscionable means to collect or attempt to collect any debt." Third, the

motion in *Hemmingsen* was one for summary judgment, whereas Gurstel Chargo's motion is for judgment on the pleadings and the Court has construed Riverwalk's motion as also being for judgment on the pleadings. Thus, in *Hemmingsen*, the court had a factual record to rely on in determining that the misrepresentations had a sufficient "basis in fact to defeat as a matter of law [the plaintiff's] claims." 674 F.3d at 820. Here, the Court may only consider the factual allegations in the complaint, and it must accept those allegations as true.

Of course, Boldon must eventually substantiate her claims. For now, however, she has done enough to state plausible claims for relief.

## II. RIVERWALK'S MOTION TO SET ASIDE ENTRY OF DEFAULT

The Court now turns to Riverwalk's motion to set aside entry of default. Under Federal Rule of Civil Procedure 55(c), the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether good cause exists, the Court weighs "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). The Court undertakes this analysis in view of the "judicial preference for adjudication on the merits." *Id.* (quoting *Oberstar v. FDIC,* 987 F.2d 494, 504 (8th Cir. 1993)). All three factors are discussed in turn below.

## A.     Blameworthiness or Culpability

In determining the blameworthiness or culpability of the defaulting party, the Court "distinguish[es] between contumacious or intentional delay or disregard for deadlines and procedural rules, and a marginal failure to meet pleading or other deadlines." *Johnson*, 140 F.3d at 784 (internal quotation marks omitted). Here, for the reasons outlined below, the Court finds that Riverwalk's delay was not blameworthy or culpable.

Riverwalk's former general manager, Mike Shelton, contends that upon receiving Boldon's complaint, he referred the matter to Riverwalk's litigation vendor under the assumption that the vendor would retain counsel on the company's behalf and that this counsel would prepare an answer. (Shelton Decl. ¶ 5.) According to Shelton, when he did not hear from the vendor, he assumed that the matter had been handled. (*Id.* ¶ 6.) While Shelton's conduct suggests sloppiness and carelessness, it does not constitute "an intentional flouting or disregard of the court and its procedures." *Johnson*, 140 F.3d at 785.

More troubling are the time gaps between when Riverwalk first learned that its litigation vendor had not retained counsel on its behalf (on or around June 2, 2015), when it actually retained counsel (late July or early August 2015), and when it filed its first response (August 12, 2015). (Shelton Decl. ¶¶ 7-10; Meet-and-Confer Statement by Def. Riverwalk, Aug. 10, 2015, Docket No. 24; Riverwalk's Mot. to Set Aside Entry of Def.) Yet even these delays do not nudge Riverwalk's conduct from the realm of marginal

failure into the realm of culpability.[5]   The Eighth Circuit has set aside entry of default –

and also entry of default judgment, which requires a higher showing of good cause –

where the time gap between the complaint and the defendant's first response was

comparable to the time gap in this case.  *See, e.g.*, *Union Pac. R.R. Co. v. Progress Rail*

*Servs. Corp.*, 256 F.3d 781, 783 (8th Cir. 2001) (setting aside entry of default judgment

despite an almost six-month time gap between the complaint and the defendant's first

response); *Johnson*, 140 F.3d at 782-84 (setting aside entry of default despite a three-

month time gap between the complaint and the defendant's first response).  Furthermore,

the Court finds it significant that Riverwalk moved to set aside entry of default "rather

than waiting for grant of a default judgment," because this suggests that Riverwalk "was

guilty of an oversight and wishes to defend the case on the merits."  *See Johnson*, 140

F.3d at 784.  Finally, the Court notes that the delay was caused in part by the conduct of a

non-lawyer employee, former general manager Mike Shelton, who likely had limited

knowledge of litigation rules and procedures.  While the Court does not mean to suggest

that the involvement of a non-lawyer absolves Riverwalk of responsibility for the delay,

it is relevant to the Court's finding that Riverwalk's conduct was a marginal failure to

meet pleading deadlines rather than blameworthy or culpable.

---

[5] Boldon cites a Fifth Circuit case, *Matter of Dierschke*, 975 F.2d 181 (5th Cir. 1992), for
the proposition that a two-month delay in answering a complaint is sufficient, on its own, to
establish blameworthiness or culpability and to preclude setting aside entry of default.  *Matter of
Dierschke*, however, does not stand for this proposition.  There, the Fifth Circuit affirmed the
district court's decision not to set aside entry of default on the ground that the defendant had
**willfully** elected to ignore the plaintiff's complaint.  *Id.* at 183-85.  Thus, the key issue was not
the mere time delay, but rather, the defendant's willful conduct.

### B.      Prejudice

In assessing prejudice, the Court focuses on "concrete" harms "such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'"   *Id.* at 785 (citing *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir.1990)). "[P]rejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits."   *Id.* (citing *Swink v. City of Pagedale*, 810 F.2d 791, 792 n.2 (8th Cir. 1987)).   Here, Boldon makes only one argument regarding prejudice: that her lawyer spent several months preparing a motion for default judgment and this work will go to waste if entry of default is set aside.   The Court rejects this argument.   Extra work by Boldon's counsel is not cognizable prejudice.

### C.      Meritorious Defense

"Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party."   *Stephenson v. El– Batrawi*, 524 F.3d 907, 914 (8th Cir. 2008) (internal quotation marks omitted).   The task for the Court is not to resolve disputed facts, but rather, to determine whether the defendant has come forward with facts that, if true, would provide a defense.   *See Johnson*, 140 F.3d at 785 (explaining that the defendant need not show that he will succeed on the merits or that the evidence is undisputed).

As the Court already found above, Riverwalk's FDCPA statute of limitations defense, as it relates to the December 31, 2012, service of the complaint, is a viable defense.   However, outside of this narrow defense, Riverwalk has offered no other

meritorious defenses as to any of Boldon's remaining claims. Virtually all of Riverwalk's purported affirmative defenses constitute nothing more than threadbare legal conclusions, unsupported by any facts, evidence, or even arguments.[6] Additionally, Riverwalk's assertion that Boldon's fraud-on-the-court claim lacks the requisite particularity is also fruitless, as the Court finds that Boldon's allegations sufficiently state the "who, what, when, where and how" of the alleged fraud. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549-50 (8th Cir. 1997) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). Boldon identifies the misrepresentation at issue, when and where it was made, to whom it was made, and how it was made. (Compl. ¶¶ 10-20, 47-49.)

The closest that Riverwalk comes to proffering a meritorious defense is its allegation that, "upon information and belief, [Boldon's] purported causes of action may not be allowed to proceed within the United States District Court system as Riverwalk may possess certain rights to move this action to arbitration based on contracts entered into by Plaintiff." (Riverwalk's App. A ¶ 55, Aug. 10, 2015, Docket No. 22.) Yet Riverwalk has not submitted any copies of these contracts; quoted any language from

---

[6] Examples of Riverwalk's threadbare affirmative defenses include: "Plaintiff's Complaint fails to state a claim . . . upon which relief can be granted"; "[A]ny violation of the FDCPA . . . was the result of bona fide error"; "Plaintiff's damages . . . were caused . . . by the faults or omissions of others"; "Plaintiff has failed . . . to mitigate her alleged damages"; "Plaintiff assumed the risk of any harm she suffered"; "Plaintiff lacks standing"; "The imposition of statutory damages . . . would violate Riverwalk's rights under the Constitution"; "Plaintiff's claims are barred . . . by federal preemption"; "Plaintiff's causes of action . . . are frivolous and without basis in law or fact." (Riverwalk's App. A ¶¶ 52, 54, 56-61, 63, Aug. 10, 2015, Docket No. 22.)

these contracts; given any details about the subject matter of these contracts; identified the parties to these contracts; or provided the dates that these contracts were executed. While the standard for showing a meritorious defense is not high, Riverwalk's unsubstantiated belief that there **may** be contracts mandating arbitration is insufficient to permit a finding on its behalf.

Overall, because Riverwalk's conduct was not blameworthy or culpable, Boldon would not be prejudiced if default were excused, and Riverwalk has a viable statute of limitations defense for Boldon's FDCPA claims stemming from the December 31, 2012, service of the complaint, the Court will set aside entry of default for those claims only. However, because Riverwalk has not provided the Court with meritorious defenses for any of Boldon's remaining claims – including her FDCPA claims stemming from the June 17, 2014, filing of the complaint and her state law claims – the Court will deny the motion in all other respects. Absent a meritorious defense for these remaining claims, Boldon has not shown good cause under Rule 55(c) for setting aside entry of default.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Gurstel Chargo's motion for judgment on the pleadings [Docket No. 44] is **GRANTED in part** and **DENIED in part**, as follows:

      a.      The motion is **GRANTED** as to Count I, as it relates to the allegation that on December 31, 2012, Defendants personally served Boldon with

a complaint listing an improper venue. That portion of Count I is **DISMISSED**

**with prejudice**.

       b.      The motion is **DENIED** in all other respects.

    2.      Riverwalk's motion to set aside entry of default and leave to file an answer

[Docket No. 26] is **GRANTED in part** and **DENIED in part**, as follows:

       a.      The motion is **GRANTED**, and entry of default is set aside, with

respect to Count I, as it relates to the allegation that on December 31, 2012,

Defendants personally served Boldon with a complaint listing an improper venue.

       b.      The motion is **DENIED** in all other respects.

    3.      Riverwalk's motion for summary judgment [Docket No. 43], construed as a

motion for judgment on the pleadings, is **GRANTED in part** and **DENIED in part**, as

follows:

       a.      The motion is **GRANTED** as to Count I, as it relates to the

allegation that on December 31, 2012, Defendants personally served Boldon with

a complaint listing an improper venue. That portion of Count I is **DISMISSED**

**with prejudice**.

       b.      The motion is **DENIED** in all other respects.

DATED: March 9, 2016                         s/ John R. Tunheim
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM
                                        Chief Judge
                             United States District Court